1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA FOR
THE USE AND BENEFIT OF JUST
CONSTRUCTION, INC.,

                          Plaintiff,

v.

K.O.O. CONSTRUCTION, INC.; and
GREAT AMERICAN INSURANCE
COMPANY,

                          Defendants,

AND RELATED COUNTERCLAIMS.

Case No.:  19cv1753 JM (KSC)


**ORDER ON MOTION FOR MORE
DEFINITE STATEMENT**

     Plaintiff and Counter-Defendant Just Construction, Inc. ("JCI") move under Federal Rule of Civil Procedure 12(e) for an order that Defendant and Counterclaimant K.O.O. Construction, Inc. ("KOO") provide a more definite statement in its First Amended Counterclaim.  (Doc. No. 50.)  The court finds the motion suitable for submission without further briefing or oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the below reasons, the motion is **DENIED**.

1

## I.   BACKGROUND

2   As stated in this court's previous order, KOO is a government contractor that
3 entered into a subcontract with JCI to install a concrete slab on a military facility ("the
4 project").  On September 11, 2019, JCI filed a Complaint against KOO and its insurer,
5 Great American, alleging that KOO failed to pay for the work JCI performed and
6 wrongfully terminated the subcontract.  JCI also accuses KOO of mismanaging the project
7 and causing delays.  Accordingly, JCI's Complaint contains claims for breach of contract,
8 reasonable value, declaratory relief, and recovery on a Miller Act payment bond.  JCI
9 seeks monetary damages and declaratory relief.

10   On October 2, 2019, KOO filed a Counterclaim alleging JCI performed defective
11 work.  (Doc. No. 8.)  KOO's initial Counterclaim contained a single claim for breach of
12 contract.  KOO sought monetary damages and "further relief as the Court may deem
13 proper."  On December 11, 2020, after the close of discovery, KOO moved to amend its
14 Counterclaim by adding a claim and demand for declaratory relief.  (Doc. No. 42-2 at 34-
15 35.)  KOO explained that repairs were performed to fix JCI's work, but it is unclear
16 whether the government will accept the repairs, or whether the government will make a
17 deduction to KOO's fee as a result of JCI's work.  (Doc. No. 42-1 at 2, 4, 8; Doc. No 45
18 at 2.)  KOO further explained that it must go through a lengthy dispute resolution process
19 and await a final determination as to whether the government will reduce KOO's fees, and
20 if so, by how much, which will not likely occur until July 2021.  (Doc. No. 42-1 at 2, 4.)
21 Therefore, in addition to damages for breach of contract, KOO sought a declaration that
22 JCI is obligated to reimburse KOO's losses resulting from JCI's work.  (Doc. No. 42-2 at
23 34-35.)   On January 5, 2021, the court granted KOO leave to file an Amended
24 Counterclaim seeking declaratory relief.  (Doc. No. 46.)  On January 6, 2021, KOO filed
25 its Amended Counterclaim seeking declaratory relief.  (Doc. No. 47.)  On January 20,
26 2021, KOO filed the instant motion for a more definite statement with respect to KOO's
27 claim for declaratory relief.  (Doc. No. 50.)

28

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Courts in this district have repeatedly found that motions for more definite statements are disfavored and rarely granted.  *See*, *e.g.*, *Torrey Pines Logic, Inc. v. Gunwerks, LLC*, Case No.: 19-cv-02195-H-JLB, 2020 WL 6106814, at *8 (S.D. Cal. July 14, 2020).  Courts have also consistently found that motions for more definite statements are appropriate to attack unintelligibility, not simply a lack of detail.  *See*, *e.g.*, *Ewing v. Nova Lending Sols., LLC*, Case No.: 20-cv-1707-DMS-KSC, 2020 WL 7488948, at *1 (S.D. Cal. Dec. 21, 2020).

## III.   DISCUSSION

JCI argues that KOO's requested declaration is so vague and ambiguous that JCI cannot reasonably respond to it without prejudicing itself.  (Doc. No. 50-1 at 1.)  In its Amended Counterclaim, KOO seeks:

> [A] declaration that of the rights of Counterclaimant, JCI, and each of them, under and  in connection with the Project and the Subcontract and, specifically, that JCI is obligated to pay and reimburse Counter-claimant for all of Counter-claimant's losses, costs and expenses incurred in connection with performance by JCI on the Project, including any damages resulting from the impact of JCI's actions and/or inactions on Counter-claimant's claims and/or termination for convenience settlement proposal with the owner of the Project[.]

(Doc. No. 47 at 5.)  JCI requests that KOO be ordered to "state the specific circumstances under which JCI would be obligated to pay and reimburse KOO."  (Doc. No. 50-1 at 1.)

Certainly, KOO's demand for declaratory relief lacks detail.  For example, KOO specifies that it requests a declaration that JCI is obligated to pay KOO for "all" of its "losses, costs and expenses incurred in connection with performance by JCI on the [p]roject," but KOO does not specify the losses, costs, and expenses it incurred.  KOO's demand is not, however, so unintelligible, vague, or ambiguous that JCI cannot prepare a response, or could not do so without prejudicing itself.  This is especially true in light of

the parties' recent dispute over whether KOO should be allowed to seek declaratory relief. As noted above, and as JCI is aware, in KOO's motion to amend its Counterclaim, KOO specified that it was seeking a declaration that JCI was liable for any deductions the government subsequently makes to KOO's fees resulting from JCI's allegedly defective work. (Doc. No. 42-2 at 34-35.) Additionally, given that JCI has been aware since KOO's Counterclaim was initially filed that KOO seeks monetary damages as part of its breach of contract claim, and given that discovery has closed, JCI should have more than sufficient evidence and information concerning KOO's damages, and its own liability, to craft a response.

Moreover, JCI's arguments as to why it cannot respond to KOO's demand for declaratory relief claim are, in and of themselves, at least somewhat responsive. (*See* Doc. No. 50-1 at 3 ("KOO seeks a declaration that JCI is obligated to pay for any and all costs incurred even remotely connected to JCI's work on the subject project, regardless of causation, entitlement, or damages. The result of such a declaration would be to require JCI to write a blank check to KOO for any nebulous 'impacts' even remotely connected to JCI's work on the subject project[.]").) JCI's arguments also seem to assume that KOO has already been, or will certainly be, granted a declaration as it is written in the Amended Counterclaim, neither of which is the case. Additionally, KOO's desired declaration cannot reasonably be read, as JCI suggests, to request that JCI pay, regardless of causation, entitlement, damages, or JCI's liability. Finally, JCI makes almost no attempt to cite a comparable case in which a court granted a motion for a more definitive statement. In *Faske v. Radbill*, 7 F.R.D. 234, 236 (E.D. Pa. 1946), the court partially granted the motion because the plaintiff failed to identify the contract that served as the basis of the action. Here, there is no indication JCI is unaware of the contract or contracts at issue and would therefore be unable to respond to KOO's demand for declaratory relief. For these reasons, combined with the disfavor with which courts grant motions for more definite statements, as well as the lack of legal authority JCI provides to support its motion, JCI has not shown that it cannot reasonably prepare a response to KOO's request for declaratory relief.

## IV.   CONCLUSION

For the foregoing reasons, JCI's Motion for a More Definite Statement (Doc. No. 50) is **DENIED**.

IT IS SO ORDERED.

Dated:  February 1, 2021

Hon. Jeffrey T. Miller
United States District Judge