UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF JUST CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>K.O.O. CONSTRUCTION, INC.; and GREAT AMERICAN INSURANCE COMPANY,<br><br>Defendants, | Case No.: 19cv1753 JM (KSC)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** |
| AND RELATED COUNTERCLAIMS. | |

On April 19, 2021, counsel for Just Construction Inc., ("JCI") – Louis J. Blum and Kelly A. Floyd of Finch, Thornton & Baird, LLP ("FTB") – filed the instant motion to withdraw as counsel of record for JCI "based on JCI's failure to pay substantial amounts owed to FTB" and "material breach of the services agreement with FTB." (Doc. No. 60.) By declaration, counsel avers that Mr. Romero was repeatedly advised that FTB would file the instant motion to withdraw if payment issues were not resolved. (Doc. No. 60-1.) Attached to the motion is a proof of service signed by an FTB employee stating that a copy

1

of the motion and its supporting declaration was mailed to Mr. Romero via Federal Express on April 19, 2021.  On April 26, 2021, with the court's permission, Defendants filed a statement of non-opposition that was conditional insofar as FTB is requesting a stay or continuance of the trial date. (Doc. No. 69.)  On May 3, 2021, the court held a hearing on the motion during which Mr. Blum and Mr. Floyd appeared.  Mr. Romero and counsel for Defendants also appeared.

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record.  CivLR 83.3(f)(1).  The California Rules of Professional Conduct provide that counsel may withdraw from representing a client where the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Cal. R. Prof. Conduct, Rule 1.16(b).  Additionally, "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct, Rule 1.16(d).  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; [and] (4) the degree to which withdrawal will delay the resolution of the case."  *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, Case No.: 3:18-cv-02109-BEN-LL, 2021 WL 927359, at *3 (S.D. Cal. Mar. 11, 2021).

"Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3".  CivLR 83.3(j).  "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."  *Id*.; *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act

through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney."). An unrepresented entity is subject to default. *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244 (9th Cir. 1993).

Based on the papers filed by counsel for both parties, as well as the evidence taken and representations from counsel at the hearing, the court finds that FTB has continued to represent JCI without payment for an extended period of time. Moreover, no realistic plan for payment from JCI has been advanced to alleviate the financial hardship on FTB. FTB has advised the court it arranged for new counsel to substitute in for JCI provided a retainer or security be paid (or pledged) by JCI. Notwithstanding that the motion is unopposed, KOO has advised the court that its non-opposition is conditioned on the trial being reset in August of 2021, which comports with the court's trial calendar. KOO's non-opposition, as well as the lingering COVID-19 symptoms of Mr. Romero at this juncture, weigh in favor of continuing the June 14, 2021 trial to a later date.

Accordingly, Plaintiff's counsel's motion to withdraw as counsel of record for JCI (Doc. No. 59) is **GRANTED**. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Louis J. Blum and Kelly A. Floyd, of Finch of Thornton & Baird, as counsel of record for JCI. The May 21, 2021 pretrial conference date and the June 14, 2021 trial date, as well as related pre-trial dates and requirements, are **VACATED**. Mr. Blum and Mr. Floyd **SHALL** immediately serve JCI with a copy of this order and, thereafter, file a proof of service to confirm the same. Additionally, Mr. Romero and any other representative from JCI, along with Mr. Blum and/or Mr. Floyd, **SHALL** appear on *Monday, May 24, 2021* at 10:00 a.m. in Courtroom 5D for a status conference in order to advise the court of any developments in securing new counsel, set a deadline to obtain new counsel, and potentially set a new trial date in August of 2021.

IT IS SO ORDERED.

Dated: May 3, 2021

Hon. Jeffrey T. Miller
United States District Judge